CAROLINE W. BURLEN *vs.* OLIVER N. SHANNON.

A right of action against a husband for board of his wife after she has justifiably left him is not barred by the fact that the plaintiff and the wife conspired to abduct and conceal a minor child of the defendant in order to compel him to settle a separate maintenance upon his wife.

Before the *St.* of 1859, *c.* 230, a wife was not a competent witness to support an action against her husband for her board.

The filing by a husband of a libel for divorce for desertion is no evidence of his having neglected to supply his wife with necessaries.

In an action against a husband for board of his wife, a judgment in the plaintiff's favor in a similar action for a previous period, tried upon the general issue, and in which, as is shown by parol evidence, the plaintiff introduced evidence both that the wife was obliged to leave her home by her husband's cruelty, and that she lived apart from him with his consent, is conclusive evidence that she was then lawfully living apart from him, but not conclusive that the cause of separation was his cruelty, unless the jury are satisfied by parol evidence that his cruelty was the ground of the former verdict. And evidence of the acts of cruelty then relied upon is immaterial and inadmissible for the plaintiff.

ACTION OF CONTRACT for the board of the defendant's wife, the plaintiff's sister, from June 1st 1850 to July 18th 1853. Trial and verdict for the defendant in the superior court of Suffolk at May term 1856, before *Huntington,* J., to whose rulings the plaintiff alleged exceptions, which were argued and decided in this court at March term 1858 in Suffolk, and the material part of which is stated in the opinion.

*B. F. Butler & N. St. J. Green,* for the plaintiff.

*E. D. Sohier & H. F. Durant,* for the defendant, cited *Morton* v. *Withens,* Skin. 349; *Govier* v. *Hancock,* 6 T. R. 603; 2 Bright on Husb. & Wife, 14.

MERRICK, J.[*] The instruction given to the jury, in opposition to her request, that if the plaintiff, for the purpose of coercing

---

[*] BIGELOW, J. did not sit in this case.

the defendant into the settlement and payment of her previous account, and of obtaining from him a separate allowance for the future support of his wife as a permanent arrangement, concerted and executed with her a scheme for the removal, without his knowledge or consent, of his minor daughter frcm his care and custody, and for the subsequent concealment of her from him, she could not afterwards furnish to his wife, while living separate and apart from him for good and sufficient reasons, any articles necessary for her support or maintenance upon his credit, except upon his express promise, or unless with a full knowledge of the conspiracy, and of what had been done in pursuance of it, he had waived all objections on that account, was erroneous.

The general liability of the husband to support his wife cannot of course be denied. He will be relieved of that obligation, if wantonly or without justifiable cause she forsakes his home, or refuses to avail herself of the provision which he has properly and sufficiently made for her maintenance. But if he will not receive her into his house, or if he turns her out of doors, he sends her abroad with his credit for her reasonable expenses. *Rawlyns* v. *Vandyke*, 3 Esp. R. 251. And when her situation in his house is rendered unsafe for her by reason of his cruelty or ill treatment, courts of law will hold such conduct on his part equivalent to turning her away from it, and he will, for her necessaries subsequently supplied, be liable to the party by whom they are furnished. *Mayhew* v. *Thayer*, 8 Gray, 172. *Hodges* v. *Hodges*, 1 Esp. R. 441. Bac. Ab. Baron & Feme, H. It is of no consequence by what motive he who has furnished the supplies may in such case have been actuated. They who for charitable considerations, or by reason of any other inducement, are willing to provide articles of necessity for a wife who without justifiable cause is driven from home, and left destitute by her husband, are entitled to recover compensation from him for whatever, under such circumstances, they supply for her needful support. 2 Bright on Husb. & Wife, 6. She loses or forfeits the right to avail herself, to this extent, of the credit of her husband which the law allows her when driven

from his home, or when by his misconduct she is compelled, for her own safety, to live separate from him, only when, regardless of her marital obligations, she is guilty of the crime of adultery, or refuses, upon sufficient assurances being afforded her of his future good conduct, to accept of suitable provision made by him in her behalf. 2 Bright on Husb. & Wife, 14. 2 Stark. Ev. (1st Amer. ed.) 698 & notes.

The obligation which, with this limitation, the law imposes upon the husband is just and reasonable. Upon the marriage he becomes, by the rules of the common law, the sole owner of all the personal property of the wife, he is entitled to the use and income of her real estate, and he may reduce all her choses in action to possession and make them exclusively his own. If he afterwards unjustifiably withholds from her his protection, or dismisses her from his care without providing her with adequate means of support, he exposes her to many temptations, the consequences of which, so long as she preserves her marital purity, there is no harshness in requiring him to bear.

It is obvious that if the wife carries the credit of her husband with her for necessaries, he to whom it is pledged by her for that purpose may avail himself of his liability. In the case assumed in the instructions in the present case, the conduct of the plaintiff certainly could not be justified; and, properly pursued, might perhaps be subjected to legal animadversion. But her misbehavior in one instance cannot deprive her of her legal rights in another; and if, under the circumstances proved, the wife was authorized to contract on her husband's account with the plaintiff, the plaintiff may maintain an action to recover of him what is due to her, although in another respect he may have just cause of complaint against her.

As a new trial must be ordered in consequence of the erroneous instructions of the court in this particular, it is considered unnecessary to advert to any of the other questions of law presented in the bill of exceptions.        *Exceptions sustained.*

A new trial was had at September term 1858 of the superior court of Suffolk, before *Morton,* J., to whose rulings the plain-

tiff alleged exceptions, of which those parts that are relevant to the decision are stated in the opinion.

*E. Ripley*, for the plaintiff.

*Sohier & Durant*, for the defendant.

SHAW, C. J.* This is an action to recover for the support and maintenance of the defendant's wife, sister of the plaintiff, from June 1st 1850 to July 18th 1853. The plaintiff, not relying on any express or actual contract of the defendant, placed her right to recover on the ground that the defendant was liable in law for the support of his wife, justifiably absent from him, on account of his cruel treatment of her. A verdict having been returned for the defendant, the case comes before us on the plaintiff's exceptions.

In order to prove that the defendant was living apart from her husband on account of his cruel treatment, at the commencement of the term for which board is claimed, the plaintiff offered in evidence a judgment of this court on a verdict in her favor against the defendant, for board furnished the wife in like manner to the end of May 1850. The judgment, having been rendered on a common declaration in assumpsit on the general issue, of course did not state the ground on which it was rendered, or the specific questions of fact tried. To show this, a witness was called who had been the counsel and attorney of the plaintiff in the former case, who testified that the former case for the plaintiff was placed on one of two grounds, at that trial, viz : that the wife was justifiably absent on his credit, because of his cruelty ; or that she was so absent, that is, on his credit, by his consent; that evidence on each of these two grounds was given at the trial, and the case submitted by the judge to the jury upon each of these grounds. The plaintiff then asked this witness, " What were the acts of cruelty testified to and relied on in that case? " To this evidence the defendant objected, and the court rejected it. To this the plaintiff excepted.

In order to judge of this exception, and the others in this bill,

---

* BIGELOW and HOAR, JJ. did not sit in this case.

it is necessary to inquire what this judgment was offered for, and its legal character as evidence in this case. It was not offered to prove that this cause of action had been tried before; this was a claim for board of the wife for a subsequent time, commencing when the former ended. But it was offered as evidence of a fact, material to the plaintiff's present case, viz: that at the beginning of the term, board for which is sued for in this case, the wife was living apart from her husband on account of his cruelty. It was allowable, under a well known rule of law, that where, in an anterior suit between the same parties, any precise question of fact, the truth of which has been averred on one side and denied on the other, has been distinctly brought before a jury and found, one way or the other, by their verdict, and a judgment has been rendered on it, it is conclusive evidence of such fact. " It has become a fixed fact between these parties — and their privies — for all purposes." This general rule, the grounds on which it is founded, and the manner in which it is modified and applied under our practice, where almost every controverted question is tried upon a general issue, have been so fully stated in recent cases, that it is sufficient here to refer to them. *Sawyer* v. *Woodbury,* 7 Gray, 499, and cases there cited. *Jennison* v. *West Springfield,* 13 Gray, 544.

To recur to the exceptions, the court are of opinion that the evidence of acts of cruelty proved on the former trial was immaterial and incompetent. The sole question here is, whether that fact was put in issue, tried and found by the jury ; whether the evidence by which it was proved was strong or weak was wholly immaterial. As original evidence of the facts so proved in the former case, the testimony there given was manifestly incompetent.

The plaintiff offered Harriet M. Shannon, the wife of the defendant, as a witness, but, the defendant objecting, the court excluded the witness.

The court are of opinion that this rejection was right. By the rule of the common law the wife was an incompetent witness. This action was tried in the autumn of 1858. The *St.*

of 1857, *c.* 305, making parties witnesses, did not reach this
case, because the wife is not a party. And the *St.* of 1859,
*c.* 230, authorizing the wife to testify, in certain cases, when the
husband is a party, had not then been passed.

The plaintiff then put, in evidence the records of the proceed-
ings under two libels for divorce by the defendant against his
wife for desertion, at former periods, each of which remained in
court nearly two years and was then dismissed, on what ground
does not appear. His mere complaint that his wife was culpa
bly absent from him and against his consent is certainly no
proof that she might not have found support at his own place
of abode. Had it been a charge of criminality a different rule
might have applied.

The defendant, having offered evidence to prove that in Oc-
tober 1850 he in good faith offered his wife a home in his own
house, and to provide for her suitably there, and that she had no
cause to apprehend cruelty on his part, offered evidence of his
conduct towards her during all that part of their married life
that they had lived together from 1835 to 1846. The plaintiff
objected to this evidence, on the ground that the former judg-
ment was conclusive that the wife was absent up to June 1st
1850 for the cause of cruelty; but the court admitted the
evidence.

This presents the great question in the present case, whether
the record thus proved is conclusive of the fact, for the proof of
which it was offered; we think it was not conclusive. Our
reasons will appear more fully in connection with the next ex-
ception.

The plaintiff requested the court to instruct the jury "that
the former judgment recovered against the defendant, by the
plaintiff, before referred to, coupled with the parol testimony
that evidence was introduced on the trial which resulted in said
judgment, tending to show cruelty on the part of the husband,
and that cruelty was the cause of such absence from the defend-
ant's house, was conclusive that cruelty was the cause of such
absence." The court refused so to do; but did instruct them
" that the record of the former judgment was conclusive proof

that on and prior to May 31st 1850 the wife was living sep-
arate from her husband for some justifiable cause ; but that it
did not prove conclusively whether that cause was cruelty or
consent of the husband; but if this jury were satisfied, by the
parol testimony introduced in aid of the judgment, that the
question of cruelty was passed upon in the former case, and
that the jury returned their verdict in that former case on the
ground of cruelty, then the former judgment would be conclu-
sive proof that on and prior to May 31st 1850 the wife was
absent because of cruelty on the part of the husband, and that
they should not allow any evidence to disturb that conclusion."

This direction appears to the court to have been strictly cor-
rect. The issue was whether the defendant owed the plaintiff;
this was broad enough to embrace many questions of fact. The
parol evidence was rightly admitted to ascertain what questions
were in fact tried and submitted to the jury. This evidence
showed that two such questions were submitted ; that if either
of two things was true, they would return a verdict for the
plaintiff. A verdict on that direction for the plaintiff proved
nothing more than that the jury found one of the propositions
true, but without finding which. It was not therefore true that
they found absence by reason of cruelty. It was simply evi-
dence to be weighed with other evidence, which being parol
evidence, its weight was properly left to the jury. The judge
could not decide upon the effect of that evidence as matter of
law ; and therefore the only course was to leave it to the jury
to consider the evidence, ascertain the facts and apply the law
accordingly. The directions being correct, the verdict is con-
clusive. *Exceptions overruled.*